IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MARIE MINICHINO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>OCWEN, *et al.*,<br><br>　　　　Defendants. | Case No. 23-cv-00503-DKW-KJM<br><br>**ORDER DISMISSING CASE** |

　　　　On December 1, 2023, Plaintiff Marie Minichino, proceeding *pro se*, filed a Complaint against Defendants Ocwen, TMLF, Peter Stone, Robin Miller, Mark Reck, Jan Apo, Christopher Williams, and Jack Naiditch. Dkt. No. 1. Therein, Minichino brings assorted claims under the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), 24 C.F.R. § 3500, the False Claims Act ("FCA"), and unspecified federal laws on financial fraud against the elderly and the disabled. *Id.* Minichino further filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 4.

　　　　On December 21, 2023, the Court issued an Order granting Minichino's IFP Application but dismissing her Complaint, without prejudice, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Dkt. No. 9. Within that Order, Minichino was cautioned that failure to file an amended Complaint by

January 19, 2024 would result in the automatic dismissal of her case without prejudice or further notice.  *Id.* at 6.  Since December 21, 2023, however, Minichino has failed to file an amended Complaint.  Moreover, the deadline to do so has now passed.  Accordingly, as indicated in the Court's December 21, 2023 Order and more fully explained herein, the Court finds that this case should be and hereby is appropriately dismissed without prejudice.

Federal courts have the authority to dismiss cases for failure to prosecute or failure to comply with court orders.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.3d 1258, 1260–61 (9th Cir. 1992)).  In doing so, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Id.*  Here, after careful consideration of each factor, the Court finds that this case should be dismissed without prejudice.

First, Minichino's failure to file an amended Complaint pursuant to the December 21, 2023 Order delays the resolution of this case on the merits, thereby hindering the public's interest in the expeditious resolution of litigation.  This factor therefore favors dismissal.  *See Yourish v. California Amplifier*, 191 F.3d

983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Minichino's failure to file an amended Complaint also hinders the Court's ability to manage its docket. Put simply, unless and until Minichino files an amended Complaint, this action cannot proceed, thereby limiting the Court's ability to manage its docket. *See id.* Accordingly, this factor favors dismissal.

Third, Minichino's failure to file an amended Complaint in a timely manner risks prejudice to the Defendants in this case. The Ninth Circuit has explained that the risk of prejudice is related to the plaintiff's reason for failing to prosecute an action. *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 292 F.3d at 991). Here, Minichino has not provided *any* excuse or rationale for why she has failed to comply with the Court's December 21, 2023 Order. Given her unreasonable delay, this factor, therefore, weighs in favor of dismissal. *See id.* at 643.

Fourth, the Court has already undertaken less drastic alternatives to no avail. Specifically, the Court's December 21, 2023 Order explicitly provided Minichino with an opportunity to amend her Complaint, gave her guidance on how to do so, and warned her that failure to do so by the January 19, 2024 deadline would result in the automatic dismissal of her case. Dkt. No. 9. Nevertheless, Minichino failed to comply. As this action cannot proceed without an amended Complaint, this factor favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining "a district court's

warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." (citations omitted)).

Finally, as public policy favors disposing of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

In sum, under these circumstances, four out of five factors favor dismissal. Accordingly, this case is DISMISSED WITHOUT PREJUDICE for failure to file an amended Complaint pursuant to the Court's December 21, 2023 Order. *See Ferdik*, 963 F.2d at 1263 (finding dismissal warranted where three out of five factors weighed in favor of dismissal); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (finding that where the other four factors favor dismissal, they are not outweighed by public policy favoring the resolution of cases on their merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED: January 25, 2024 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge